UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARIA P. KOSSMEYER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1748 HEA |
| | ) | |
| LILLIBRIDGE HEALTHCARE SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the SAMC Defendants' Motion to Dismiss. [Doc. No. 13] and Defendant Lillibridge's Motion to Dismiss [Doc. No. 16]. Plaintiff has filed a consolidated Response in Opposition to the Motions. [Doc. No. 18]. The SAMC Defendants have filed a Reply [Doc. No. 19]. For the reasons set forth below, the Motions to Dismiss will be granted.

### Facts and Background[1]

Plaintiff Maria P. Kossmeyer ("Plaintiff") is a former employee of Defendant Lillibridge Healthcare Services, Inc. ("Lillibridge"). Plaintiff, a sixty-four year old female, was hired by Defendant Lillibridge in September 2011 as a General Manager responsible for managing medical buildings. Four of the seven buildings Plaintiff managed were located on land owned by Defendant St. Anthony's Medical Center ("SAMC") and an entity known as Ventas.[2]

Plaintiff's primary contact at SAMC was Defendant Brad Taylor ("Taylor," or, collectively with SAMC, the "SAMC Defendants"). Throughout her employment, Plaintiff had

---

[1] The recitation of facts is taken from Plaintiff's Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

[2] Lillibridge is a subsidiary of Ventas, and Ventas had a ground lease with St. Anthony's Hospital.

periodic meetings with Defendant Taylor in which she reported to him, among other things, maintenance issues that needed to be addressed and/or repaired at the medical office buildings Plaintiff was responsible for managing. Additionally, Taylor would give Plaintiff a schedule dictating when maintenance or repair measures would be undertaken, as well as deadlines for completing maintenance or repair projects.

Throughout Plaintiff's employment, Defendant Taylor engaged in behavior such as berating her in a belligerent and belittling fashion. In May 2012, Plaintiff refused Taylor's directive to start HVAC units at SAMC's Fenton Urgent Care facility following a fire restoration project because the fire department had tagged the units as requiring inspection before they could be started. Despite Plaintiff's explanation, Taylor berated her as he had before, but for the first time in front of contractors and other representatives of SAMC, as Taylor attempted to intimidate Plaintiff into starting the HVAC units without obtaining the legally-required approval from the fire department. Plaintiff reported the incident to her supervisor with Lillibridge, as well as Lillibridge's Vice President of Property Management, and its human resources department. Plaintiff never received a response to her complaint of discrimination and harassment.

On June 14, 2012, Plaintiff's employment with Defendant Lillibridge was terminated by the same individuals to whom she had lodged her complaint of discrimination and harassment. At that time, and several occasions thereafter, Plaintiff was told by representatives of Lillibridge that she was an excellent employee but because of a request by Taylor and SAMC to remove Plaintiff as the General Manager of the medical office buildings, Lillibridge had no choice but to terminate Plaintiff's employment.

Plaintiff initiated this action by filing a Complaint on October 15, 2014. Plaintiff filed a First Amended Complaint on December 12, 2014. In Count I, Plaintiff alleges gender and age discrimination in violation of Title VII of the Civil Rights Act, the Age Discrimination in

Employment Act ("ADEA"), and the Missouri Human Rights Act ("MHRA"). In Count II, Plaintiff alleges retaliation in violation of the same statutes. In Count III, Plaintiff alleges age and gender harassment in violation of the same statutes. Finally, in Count IV, Plaintiff alleges wrongful termination in violation of Missouri public policy.

**Legal Standard**

A complaint must set out a "short and plain statement of [a plaintiff's] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To test the legal sufficiency of a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

Under *Twombly* and *Iqbal*, "[a] plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). If the plaintiff "inform[s] the [defendant] of the factual basis for [her] complaint, [she] [is] required to do no more to stave off threshold dismissal for want of an adequate statement of [her] claim." *Id.*

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

**Discussion**

The SAMC Defendants and Defendant Lillibridge all argue that Plaintiff's claims under the Missouri Human Rights Act in Counts I, II, and III must be dismissed because they are barred by the two-year statute of limitations. *See* Mo. Rev. Stat. § 213.111.1. Plaintiff concedes this point and, accordingly, the Court will grant Defendants' Motions as to Plaintiff's MHRA claims against all Defendants, and dismiss those claims with prejudice.

The SAMC Defendants further argue that Plaintiff's Title VII, ADEA, and Missouri public policy claims should be dismissed as to the SAMC Defendants because Plaintiff has failed to adequately allege that SAMC was Plaintiff's employer. For the reasons discussed below, the Court agrees. Accordingly, the Court will grant the SAMC Defendants' Motion as to these claims, and dismiss all remaining claims against the SAMC Defendants without prejudice.

Despite alleging that she was hired and fired by Defendant Lillibridge, and that nearly half of the properties she managed for Lillibridge were unrelated to SAMC, Plaintiff attempts to label SAMC a "joint employer" with Lillibridge. Plaintiff fails to successfully prosecute this allegation.

In determining whether a "joint employer" relationship exists, the Eighth Circuit considers four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relationship; and (4) common ownership or financial control. *Baker v. Stuart*

*Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir. 1977) (evaluating joint employer in NLRB context); *see also Massey v. Emergency Assistance, Inc.*, 724 F.2d 690 (8th Cir. 1980) (per curiam) (applying *Baker* factors in Title VII context); *Jarred v. Walters Indus. Elecs.*, 153 F. Supp. 2d 1095, 1099 (W.D. Mo. 2001) (applying *Baker* factors in Title VII context); *Scheidecker v. Arvig Enters.*, 122 F. Supp. 2d 1031, 1037–38 (D. Minn. 2000) (applying *Baker* factors in Title VII context). No single factor is outcome determinative. *Baker*, 560 F.2d at 392.

Plaintiff has not alleged facts supporting any of these factors as they relate to Defendant SAMC. Many of Plaintiff's factual allegations regarding SAMC's status as a joint employer are textbook examples of "labels and conclusions," "formulaic recitation[s] of the elements" or "naked assertion[s] devoid of further factual enhancement." *Twombly*, 550 U.S. at 555, 557.[3] Other factual allegations, merely illustrate that Defendant Taylor, in his role as an SAMC employee, was Plaintiff's point person for her work at SAMC facilities.[4] Finally, Plaintiff alleges that "because of a request by Taylor and St. Anthony's to remove Plaintiff as the General Manager of the medical office buildings, Lillibridge had no choice but to terminate Plaintiff's employment." [Doc. No. 4 at ¶ 27]. This does not help Plaintiff establish any of the *Baker* factors. Far from establishing any actual interrelation of operations, common management, centralized control of labor relationship, or common ownership, it merely alleges that SAMC— as one of Defendant Lillibridge's clients—was unsatisfied with Plaintiff's performance at its facilities and demanded a different General Manager. Viewing this allegation in the light most favorable to Plaintiff, SAMC had no interest in, or control over, whether Plaintiff's employment

---

[3] *See, e.g.*, Doc. No. 4 at ¶ 12 ("All Defendants had the ability to direct Plaintiff's work and control the terms and conditions of her employment."), ¶ 13 ("*Under certain circumstances*, Taylor and St. Anthony's also had the power to limit or eliminate Plaintiff's work opportunities, thereby impacting her pay and employment status." (emphasis added).

[4] *See, e.g.*, *id.* at ¶¶ 11, 14.

was terminated. Again, as noted, nearly half of the facilities Plaintiff managed for Defendant Lillibridge were unrelated to SAMC.

Accordingly, because Plaintiff has failed to allege facts demonstrated that SAMC was her employer, Plaintiff's Title VII, ADEA, and Missouri public policy claims against the SAMC Defendants will be dismissed.

**Conclusion**

Based on the foregoing, the Court will grant Defendant Lillibridge's Motion to Dismiss and dismiss the MHRA claims against it with prejudice. Further, the Court will grant the SAMC Defendant's Motion to Dismiss, and dismiss the MHRA claims against them with prejudice, and all other claims against them without prejudice. The Court will grant Plaintiff leave to amend her complaint, if she can.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lillibridge's Motion to Dismiss [Doc. No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's MHRA claims against Defendant Lillibridge are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the SAMC Defendants' Motion to Dismiss [Doc. No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's MHRA claims against the SAMC Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII, ADEA, and Missouri public policy claims against the SAMC Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this

Opinion, Memorandum and Order to file an amended complaint.

Dated this 30th day of April, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE